1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AMBER N. WESTER,         )   Case No. SACV 14-1212-JPR
                              )
            Plaintiff,   )
                              )   MEMORANDUM OPINION AND ORDER
         vs.          )   AFFIRMING COMMISSIONER
                              )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social     )
Security,                )
                              )
           Defendant.   )
_____ )

**I.   PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").  The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c).  This matter is before the Court on the parties' Joint Stipulation, filed June 2, 2015, which the Court has taken under submission without oral argument.  For the reasons stated below, the Commissioner's decision is affirmed and judgment is entered in her favor.

1

## II.  BACKGROUND

Plaintiff was born in 1980.  (Administrative Record ("AR") 137.)  She completed 11th grade and two years of college and worked as a medical assistant and telephone operator.  (See AR 65, 69-70, 84, 160.)

On December 10, 2010, Plaintiff filed an application for DIB, and on January 27, 2011, she filed an application for SSI. (See AR 135-46.)  She alleged that she had been unable to work since January 12, 2007, because of "fibrom[y]algia pain," "ruptured di[s]ks in back," "anxiet[y]," and "depression."  (See AR 135, 159.)[1]  After her applications were denied, she requested a hearing before an ALJ.  (AR 104-05.)  A September 19, 2012 hearing was adjourned to enable Plaintiff, who had just retained counsel, to provide medical records.  (See AR 90-92.)  A second hearing was held, on December 19, 2012, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE").  (AR 61-87.)  In a written decision issued January 7, 2013, the ALJ determined that Plaintiff was not disabled.  (AR 12-22.)  On June 3, 2014, the Appeals Council denied her request for review.  (AR 1-6.)  This action followed.

---

[1] Plaintiff's application materials reflect varying dates of onset.  (See AR 135, 137, 159.)  It appears that she had not worked full time since before January 2007 and stopped working entirely in January 2010.  (See AR 14 (ALJ finding no substantial gainful activity after January 2007), 65-66 (Plaintiff testifying that she worked part time until January 2010), 156 (showing decline in Plaintiff's annual earnings beginning in 2007).)

1  **III. STANDARD OF REVIEW**

2        Under 42 U.S.C. § 405(g), a district court may review the

3  Commissioner's decision to deny benefits.  The ALJ's findings and

4  decision should be upheld if they are free of legal error and

5  supported by substantial evidence based on the record as a whole.

6  See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra

7  v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial

8  evidence means such evidence as a reasonable person might accept

9  as adequate to support a conclusion.  Richardson, 402 U.S. at

10  401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

11  It is more than a scintilla but less than a preponderance.

12  Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec.

13  Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine whether

14  substantial evidence supports a finding, the reviewing court

15  "must review the administrative record as a whole, weighing both

16  the evidence that supports and the evidence that detracts from

17  the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715,

18  720 (9th Cir. 1996).  "If the evidence can reasonably support

19  either affirming or reversing," the reviewing court "may not

20  substitute its judgment" for that of the Commissioner.  Id. at

21  720-21.

22  **IV.  THE EVALUATION OF DISABILITY**

23        People are "disabled" for purposes of receiving Social

24  Security benefits if they are unable to engage in any substantial

25  gainful activity owing to a physical or mental impairment that is

26  expected to result in death or which has lasted, or is expected

27  to last, for a continuous period of at least 12 months.  42

28  U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257

3

(9th Cir. 1992).

A.    The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded.  §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant

4

has sufficient residual functional capacity ("RFC")[2] to perform her past work; if so, the claimant is not disabled and the claim must be denied.  §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  The claimant has the burden of proving she is unable to perform past relevant work.  <u>Drouin</u>, 966 F.2d at 1257.  If the claimant meets that burden, a prima facie case of disability is established.  <u>Id.</u>  If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy.  §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  That determination comprises the fifth and final step in the sequential analysis.  §§ 404.1520, 416.920; <u>Lester</u>, 81 F.3d at 828 n.5; <u>Drouin</u>, 966 F.2d at 1257.

     B.   <u>The ALJ's Application of the Five-Step Process</u>

    At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset date.  (AR 14.)  At step two, she concluded that Plaintiff had severe impairments of "lumbar discogenic disease, irritable bowel syndrome, obesity, depression, anxiety and substance abuse in full remission."  (<u>Id.</u>)  At step three, she determined that Plaintiff's impairments did not meet or equal a Listing.  (AR 15.)

    At step four, the ALJ determined that Plaintiff retained the RFC to perform light work, with additional limitations:

_____

    [2] RFC is what a claimant can do despite existing exertional and nonexertional limitations.  §§ 404.1545, 416.945; <u>see</u> <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

1    [She can] lift and/or carry 20 pounds occasionally, ten

2    pounds frequently; she can stand and/or walk six hours

3    out of an eight-hour day; she can sit six hours out of

4    the eight hour day with the ability to stand and stretch

5    every hour estimated to take one to three minutes per

6    hour; she cannot work at heights, balance, or work around

7    moving or dangerous machinery or unprotected heights; she

8    is limited to simple, repetitive tasks with only

9    occasional interaction with the public either on the

10   telephone or in person; only occasional direct

11   interaction with coworkers; peripheral interaction with

12   coworkers is ok; no fast paced work such as assembly line

13   work; no work requiring hyper vigilance or where she is

14   responsible for the safety of others.

15   (AR 17.)   Based upon the VE's testimony, the ALJ determined that

16   Plaintiff could not perform her past relevant work but could

17   perform jobs existing in significant numbers in the economy.   (AR

18   20-21.)   The ALJ therefore found Plaintiff not disabled.   (AR

19   22.)

20   **V.   DISCUSSION**

21        **The ALJ Did Not Err in Relying on the VE's Testimony**

22        Plaintiff contends that the VE's testimony deviated from the

23   DOT and the ALJ failed to secure an explanation for that

24   deviation.   (J. Stip. at 4.)   The ALJ did not err.

25        A.   Relevant Background

26        After confirming that the VE was familiar with the DOT, the

27   ALJ asked that he testify according to it "or explain why you are

28   not testifying according to the [DOT], and state what you're

6

[sic] testimony's based upon." (AR 83-84.)  The ALJ directed the
VE to use his "education, knowledge, experience, and review of
the evidence" when testifying.  (AR 84.)

The ALJ presented to the VE a hypothetical person who was 26
years old, had some college education, spoke and read English,
and had the following limitations:

> [S]he can lift and/or carry 10 pounds frequently, 20
> pounds occasionally.  She can stand and/or walk six hours
> out of an eight-hour day.  She can sit six hours out of
> the eight-hour day with the[] ability to stand and
> stretch every hour, estimated to take one to three
> minutes per hour.  She cannot work at heights, balance,
> or [work] around moving or dangerous machinery or
> unprotected machinery.  She's limited to simple,
> repetitive tasks with only occasional direct interaction
> with the public, either on her telephone or in person,
> and only occasional direct interaction with coworkers. .
> . . Peripheral interaction with coworkers is okay; no
> fast-paced work such as assembly line work; no work
> requiring hypervigilance or where she is responsible for
> the safety of others.

(AR 84-85.)  The VE testified that such a person would not be
able to perform Plaintiff's past relevant work as a telephone
answering-service operator, the only job of record that qualified
as substantial gainful activity, because it "require[d] frequent
to constant direct or indirect contact with the public."  (Id.);
see DOT 235.662-026, available at 1991 WL 672176.

She would be able to perform the jobs of mail clerk (DOT

7

209.687-026, <u>available at</u> 1991 WL 671813), office helper (DOT
239.567-010, <u>available at</u> 1991 WL 672232), and general inspector
(DOT 739.687-038, <u>available at</u> 1991 WL 680182), however,
according to the VE. (AR 85 (VE noting that "the selected
characteristics would be the same" for each job).) The VE
testified that each of the positions was an unskilled position
requiring light work. (<u>Id.</u>) He further noted that "[t]here is
no public contact, and there would be just superficial contact
with coworkers." (<u>Id.</u>) In any of the jobs, "you're basically
working independently," and the jobs "do[] not require any
teamwork." (<u>Id.</u>)

The ALJ then presented two other hypotheticals, to which the
VE responded. (AR 86.) When invited to examine the VE,
Plaintiff's counsel declined, stating that "those two
limitations," presumably those added in the latter two
hypotheticals, "would cover what my questions would have been."
(<u>Id.</u>)

B.   <u>Applicable Law</u>

At step five of the five-step process, the Commissioner has
the burden to demonstrate that the claimant can perform some work
that exists in "significant numbers" in the national or regional
economy, taking into account the claimant's RFC, age, education,
and work experience. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100 (9th
Cir. 1999); 42 U.S.C. § 423(d)(2)(A); §§ 404.1560(c), 416.960(c).
The Commissioner may satisfy that burden either through the
testimony of a VE or by reference to the Medical-Vocational
Guidelines appearing in 20 C.F.R. part 404, subpart P, appendix
2. <u>Tackett</u>, 180 F.3d at 1100-01; <u>see also</u> <u>Hill v. Astrue</u>, 698

8

1 F.3d 1153, 1161 (9th Cir. 2012) (noting that ALJ may meet

2 step-five burden by asking VE hypothetical question  encompassing

3 all claimant's limitations supported by record).  When a VE

4 provides evidence about the requirements of a job, the ALJ has a

5 responsibility to ask about "any possible conflict" between that

6 evidence and the DOT.  See SSR 00-4p, 2000 WL 1898704, at *4

7 (Dec. 4, 2000); Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th

8 Cir. 2007) (holding that application of SSR 00-4p is mandatory).

9 When such a conflict exists, the ALJ may accept VE testimony that

10 contradicts the DOT only if the record contains "persuasive

11 evidence to support the deviation."  Pinto v. Massanari, 249 F.3d

12 840, 846 (9th Cir. 2001) (quoting Johnson v. Shalala, 60 F.3d

13 1428, 1435 (9th Cir. 1995)); see also Tommasetti v. Astrue, 533

14 F.3d 1035, 1042 (9th Cir. 2008) (finding error when "ALJ did not

15 identify what aspect of the VE's experience warranted deviation

16 from the DOT").

17        C.   Analysis

18        Plaintiff does not challenge the accuracy of the

19 hypothetical presented to the VE, which contained all the

20 limitations the ALJ found credible and ultimately included in

21 Plaintiff's RFC, including the requirement that when sitting,

22 Plaintiff be able to stand and stretch hourly for one to three

23 minutes.  (Compare AR 17, with AR 84-85.)  When a hypothetical

24 included all the claimant's credible functional limitations, an

25 ALJ is generally entitled to rely upon the VE's response to it.

26 Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002); see also

27 Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's

28 recognized expertise provides the necessary foundation for his or

9

her testimony."). Plaintiff contends, however, that because the hypothetical included a "sit/stand option," the VE's testimony that three light-work positions would accommodate such a limitation "represents an unexplained deviation" from the DOT, warranting reversal. (See J. Stip. at 8.)

The DOT provides no information regarding the availability of a sit/stand option or other need to shift positions between sitting and standing during the workday for any of the jobs it covers. See Strain v. Colvin, No. CV 13-01973-SH, 2014 WL 2472312, at *2 (C.D. Cal. June 2, 2014) (finding no conflict between sit/stand option and DOT because "the DOT simply does not address sit/stand options"). There is no controlling Ninth Circuit law regarding whether an apparent conflict arises when the DOT is silent regarding a physical requirement. See generally Massachi, 486 F.3d at 1152 (holding that ALJ must ask VE whether testimony conflicts with DOT); DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) (noting that "when a claimant must alternate periods of sitting and standing, the ALJ is directed to consult a vocational expert," but remanding on other bases); Buckner-Larkin v. Astrue, 450 F. App'x 626, 628-29 (9th Cir. 2011) (unpublished; finding that "conflict" between at-will sit/stand option and DOT was adequately addressed by VE); Forrest v. Comm'r of Soc. Sec., 591 F. App'x 359, 364 (6th Cir. Nov. 2014) (finding no apparent conflict between sit/stand requirement and DOT; rather, VE's testimony "supplemented" DOT); Zblewski v.

1  <u>Astrue</u>, 302 F. App'x 488, 494 (7th Cir. 2008) (same).[3]

2      District courts in the Ninth Circuit are divided on whether

3  a conflict exists for limitations not addressed by the DOT,

4  including sit/stand options.  <u>Compare</u> <u>Strain</u>, 2014 WL 2472312, at

5  *1 (finding no apparent conflict between sit/stand requirement

6  and DOT), <u>Gilmour v. Colvin</u>, No. 1:13-cv-0553 BAM, 2014 WL

7  3749458, at *8 (E.D. Cal. July 29, 2014) (same), <u>McBride v.</u>

8  <u>Comm'r of Soc. Sec.</u>, No. 2:12-cv-0948 CMK, 2014 WL 788685, at *8

9  (E.D. Cal. Feb. 25, 2014) (same), and <u>Harvey v. Astrue</u>, No.

10 09-2038 CW, 2010 WL 2836817, at *14 (N.D. Cal. July 16, 2010)

11 (same), <u>with</u> <u>Lorigo v. Colvin</u>, No. 1:13-CV-00405-SKO, 2014 WL

12 1577317, at *11 (E.D. Cal. Apr. 18, 2014) (holding that VE's

13 testimony "encapsulat[ing] a sit/stand option automatically

14 deviated from the DOT"), <u>Valenzuela v. Astrue</u>, No. C 08-04001

15 WHA, 2009 WL 1537876, at *3 (N.D. Cal. June 2, 2009) (finding

16 "potential[]" conflict between sit/stand requirement and VE's

17 testimony and remanding because ALJ did not ask whether VE's

18 testimony was consistent with DOT), <u>Smith v. Astrue</u>, No. C

19 09-03777 MHP, 2010 WL 5776060, at *12 (N.D. Cal. Sept. 16, 2010)

20 (same), and <u>Brown v. Astrue</u>, No. 2:11-CV-0665 DAD, 2012 WL

21 4092434, at *5-6 (E.D. Cal. Sept. 17, 2012) (same).

22      At step five, it is the Commissioner's burden to prove that

23 ───────────────

24      [3] Plaintiff cites <u>Manes v. Astrue</u>, 267 F. App'x 586, 588-89
    (9th Cir. 2008), in support of her contention that the ALJ erred
25  in failing to ask the VE about a conflict between Plaintiff's
    requirement of a sit/stand option and the DOT descriptions of the
26  jobs identified by the VE.  (J. Stip. at 9.)  In <u>Manes</u>, the court
    did not find a deviation from the DOT based on a sit/stand option
27  but rather held that the VE had not adequately explained how a
    claimant limited to sedentary work with a sit/stand option could
28  do a light-work job.  267 F. App'x at 588.

there exist jobs in the economy that will accommodate a
plaintiff's limitations. <u>Tackett</u>, 180 F.3d at 1100-01. Thus, in
the context of a step-five determination, when a VE relies on a
functional limitation about which the DOT is silent or unclear, a
conflict may exist depending upon the circumstances of the case.
<u>See</u> <u>Buckner-Larkin</u>, 450 F. App'x at 628-29 (noting that VE can
resolve "conflict" concerning sit/stand option by reference to
other supporting information); <u>cf.</u> <u>DeLorme</u>, 924 F.2d at 850
(noting that "when a claimant must alternate periods of sitting
and standing, the ALJ is directed to consult a vocational
expert"). For instance, were a VE to testify that a claimant
requiring an at-will sit/stand option could perform jobs
demanding six hours of standing without explicitly addressing
whether those jobs would accommodate her at-will sit/stand
requirement, that testimony might be inadequate to satisfy the
Commissioner's burden, particularly if the jobs at issue were
unskilled work. <u>See</u> SSR 83-12, 1983 WL 312523, at *4 (Jan. 1,
1983) (recognizing that although certain jobs permit an employee
to "sit or stand with a degree of choice," "[u]nskilled types of
jobs are particularly structured so that a person cannot
ordinarily sit or stand at will").

Unlike in <u>Buckner-Larkin</u> and the other cases relied upon by
Plaintiff, however, which concerned at-will sit/stand options,
<u>see, e.g.</u>, 450 F. App'x at 627; <u>Horton v. Astrue</u>, 252 F. App'x
160, 161 & n.1 (9th Cir. 2007); <u>Strain</u>, 2014 WL 2472312, at *1;
<u>Barat v. Astrue</u>, No. C 09-02536 MHP, 2011 WL 2446280, at *3 (N.D.
Cal. June 17, 2011); <u>Meyers v. Comm'r of Soc. Sec.</u>, No. CIV
S-05-2540-CMK, 2008 WL 1970208, at *11 (E.D. Cal. May 2, 2008);

Hunt v. Colvin, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013); see
also Dikov v. Soc. Sec. Admin., No. 3:13-CV-00127-AC, 2014 WL
6085842, at *8-9 (D. Or. Nov. 13, 2014) (distinguishing between
option to sit or stand at will and need to periodically alternate
between standing and sitting); cf. Cato v. Colvin, No.
13-CV-04889-KAW, 2015 WL 1481646, at *7-8 (N.D. Cal. Mar. 31,
2015) (VE classifying claimant who could sit or stand for six
hours in an eight-hour workday "with a brief hourly change of
position" as requiring sit/stand option), Plaintiff's limitation
applied only when sitting and only for up to three minutes each
hour (see AR 17, 84).  This difference is significant given the
VE's identification of three light-work positions.  Although a
person who cannot stand for six hours in an eight-hour day is not
capable of the full range of light work, "[r]elatively few
unskilled light jobs are performed in a seated position."  SSR
83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).

       In particular, apparently none of the jobs identified by the
VE were the type of light work that involves "sitting most of the
time but with some pushing and pulling of arm-hand or leg-foot
controls."  Id. at *5; see DOT 209.687-026 (mail clerk "[s]orts
incoming mail for distribution and dispatches outgoing mail,"
"[o]pens envelopes," "[s]tamps date and time of receipt on
incoming mail," "[r]eaddresses undeliverable mail," and
"[e]xamines" and "[s]tamps outgoing mail"), available at 1991 WL
671813; DOT 239.567-010 (office helper "[f]urnishes workers with
clerical supplies," "[o]pens, sorts, and distributes incoming
mail," "collects, seals, and stamps outgoing mail," "[d]elivers
oral or written messages," "[c]ollects and distributes

13

paperwork," "[m]arks, tabulates, and files articles and records," and may use hand-operated office equipment), available at 1991 WL 672232; DOT 739.687-038 (general inspector "[o]bserves wooden match blocks passing on conveyor and removes those containing pitch pockets, faulty grain, and knots"), available at 1991 WL 680182. Courts have rejected claims based on conflict – even at step five – when a DOT description does not, on its face, conflict with the claimant's RFC if the VE's testimony or the tasks described by the DOT confirm that the job would accommodate the claimant's limitations. See, e.g., Guevara v. Colvin, No. CV 12-01988 AGR, 2013 WL 1294388, at *7-8 (C.D. Cal. Mar. 28, 2013); Huerta v. Astrue, No. EDCV 11-1868-MLG, 2012 WL 2865898, at *2 (C.D. Cal. July 12, 2012); McBride, No. 2:12-CV-0948-CMK, 2014 WL 788685, at *8. And here, given that Plaintiff had no limitations on standing for long stretches at a time and that unskilled light jobs are generally performed standing, there was no apparent conflict with the DOT.

But even if a conflict existed, Plaintiff is incorrect that the VE offered no explanation for it. As noted, the ALJ instructed the VE to explain any conflicts. (AR 83-84.) The VE testified that the jobs he identified as accommodating Plaintiff's limitations involved "working independently." (AR 85.) Such jobs would, presumably, allow the person performing them to sit or stand at will, particularly given that none of the jobs' descriptions in the DOT explicitly state that they must be done with a certain amount of sitting or standing.

In sum, the ALJ presented a hypothetical to the VE that included all Plaintiff's physical limitations, including her

14

1  requirement of an opportunity to stand and stretch for up to

2  three minutes after an hour of sitting.  (AR 84-85); see Thomas,

3  278 F.3d at 956; DeLorme, 924 F.2d at 850.  The ALJ specifically

4  instructed the VE to indicate if any of his testimony deviated

5  from the DOT.  (AR 84); Massachi, 486 F.3d at 1152-54.  The VE

6  testified that a person with Plaintiff's limitations could

7  perform the light, unskilled jobs of mail clerk, office helper,

8  and general inspector, referencing the DOT in each instance.  (AR

9  85.)  Unskilled jobs are generally performed standing, as to

10  which Plaintiff's RFC required no sit/stand option, something

11  Plaintiff does not challenge.  And although Plaintiff's counsel

12  had the opportunity to question the VE, he affirmatively stated

13  that the ALJ's examination had covered his questions.  (See AR

14  86); cf. Solorzano v. Astrue, No. ED CV 11-369-PJW, 2012 WL

15  84527, at *6 (C.D. Cal. Jan. 20, 2012) (noting counsel's duty to

16  raise conflict with DOT at hearing).[4]  The ALJ was therefore

17  entitled to rely on the VE's informed, specific, and

18  uncontradicted explanation.  See Bayliss, 427 F.3d at 1218.

19

_____

20      [4] Further, when Plaintiff sought review from the Appeals
     Council, she contended only that "[t]he ALJ did not properly
21   consider the evidence regarding my mental condition and did not
     assess my credibility properly."  (AR 7; see also AR 233-34 (in
22   brief to Appeals Council, challenging only credibility and
     assessment of mental-health evidence.)  She did not raise the
23   alleged-conflict issue.  See Meanel v. Apfel, 172 F.3d 1111, 1115
     (9th Cir. 1999) (as amended) ("[W]hen claimants who are represented
24   by counsel, they must raise all issues and evidence at their
     administrative hearings in order to preserve them on appeal.");
25   Sutterlin v. Colvin, No. ED CV 14-0918 JCG, 2015 WL 1520429, at
     *3 (C.D. Cal. Mar. 16, 2015) (finding that claimant who was
26   represented by counsel at administrative hearing and on
     administrative appeal but did not raise step-five issues before
27   ALJ or Appeals Council had waived them).

28

Remand is not warranted on this basis.

**VI.   CONCLUSION**

Consistent with the foregoing, and under sentence four of 42 U.S.C. § 405(g),[5] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner and dismissing this action with prejudice.  IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 31, 2015

JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[5] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

16